**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| DEWEY AUSTIN BARNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00187-SEP |
| | ) | |
| MIKE KEHOE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Dewey Austin Barnett's Application to Proceed in District Court Without Prepayment of Fees and Costs and Motion for Appointment of Counsel, Docs. [2], [3].  Plaintiff is a "prisoner" as defined in 28 U.S.C. § 1915(h).  He has, while incarcerated, brought at least three civil actions that were dismissed for one of the reasons set forth in § 1915(g).[1]  Because Plaintiff's Complaint does not show that he is under imminent danger of serious physical injury, the Court cannot grant him leave to proceed *in forma pauperis* in this action.  *See* 28 U.S.C. § 1915(g); *Gonzalez v. United States*, 23 F.4th 788, 789 (8th Cir. 2022), *cert. denied*, 142 S. Ct. 2837 (2022) ("After three strikes, a litigant loses the right to sue without prepaying the filing fee.").  If Plaintiff wishes to proceed with this action, he must prepay the $405 filing fee in full.  Plaintiff's request for counsel is denied without prejudice at this time.  Doc. [3].

### THE COMPLAINT

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Governor Mike Kehoe and Gregory Hancock, the Warden at Southeast Correctional Center in Charleston, Missouri. Doc. [1] at 1.  He asserts that Defendant Kehoe failed to make sure "state laws [were] faithfully kept and . . . upheld" and that Defendant Hancock did not protect Plaintiff's rights.  Doc. [1] at 4, 6.  Plaintiff complains that when he sought resentencing in Missouri state court, the prosecutor entered evidence of prior bad acts.  Doc. [1] at 4.  Plaintiff believes his criminal history was used

---

[1] *See Barnett v. Fox*, 4:25-cv-0307-SPM (E.D. Mo. May 13, 2025); *Barnett II v. Fox*, 4:25-cv-1206-JSD (E.D. Mo. Aug. 27, 2025); *Barnett v. Hill,* 1:25-cv-00167-JMB (E.D. Mo. Oct. 8, 2025); *see also Barnett v. Stacey*, 4:26-cv-0088-RHH, Doc. [10] (E.D. Mo. Mar. 16, 2026) (noting Plaintiff has three strikes).

against him to institute a sentence of 27 years imprisonment in the Missouri Department of Corrections. *Id.* Plaintiff seeks monetary damages in his Complaint. Doc. [1] at 9.

### MOTION FOR APPOINTMENT OF COUNSEL

In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing the factors, the Court finds that appointment of counsel is not warranted. Plaintiff has not yet paid the filing fee, and the Court is not convinced that he has presented a non-frivolous claim for relief. The Court may re-evaluate the factors as the case develops, but Plaintiff has not shown that appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, Doc. [2], is **DENIED** pursuant to 28 U.S.C.§ 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff must pay the $405 filing fee in full no later than **September 7, 2026**. If Plaintiff fails to do so, the Court will dismiss this action without prejudice and without further notice.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [3], is **DENIED** without prejudice at this time.

Dated this 10th day of August, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

2